IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANDY RYAN HEIN,

                Plaintiff,

v.

FOND DU LAC COUNTY CLERK OF COURTS,[1]
OUTAGAMIE CLERK OF COURTS,
STATE OF WISCONSIN,
HONORABLE JUDGE ENGLISH, and
HONORABLE JUDGE FROELICK,

                Defendants.

OPINION & ORDER

15-cv-260-jdp

---

*Pro se* plaintiff Shandy Hein has filed a proposed complaint under 42 U.S.C. § 1983, in which he alleges constitutional violations arising out of his commitment and treatment at Mendota Mental Health Institute (MMHI). Dkt. 1. Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1).

The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any *pro se* litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff has failed to comply with Federal Rule of Civil Procedure 8 because he has not provided a short and plain statement of a claim against defendants. I will therefore deny plaintiff leave to proceed, but I will allow him an opportunity to amend his complaint.

---

[1] The complaint identifies this defendant as the "FDL Co. Clerk of Courts." Dkt. 1.

ALLEGATIONS OF FACT

Plaintiff's complaint is legibly written by hand, but it does not present a comprehensive factual narrative of the injuries that he is alleging in this case. From his complaint and supporting materials, and from publically available information about plaintiff's criminal convictions in state court, I am able to discern the following factual allegations.

Plaintiff is currently committed to and receiving treatment at MMHI, in Madison, Wisconsin. On November 10, 2010, plaintiff was found not guilty due to mental disease or defect on three criminal counts in the Wisconsin Circuit Court for Fond du Lac County, case number 2010-CF-187. Defendants appear to be several state officials who were involved in this or other criminal prosecutions against plaintiff.

There are two general themes to plaintiff's complaint: (1) his treatment violates his religious beliefs; and (2) he has been denied conditional release. Plaintiff has been at MMHI for more than three years. He was initially told by court examiners that he was "religiously delusional," Dkt. 1, at 2, and he objects to taking medication because it is against his religious beliefs. Plaintiff also accuses staff at MMHI of "challenging" his religious beliefs, Dkt. 1-3, at 1, and of allowing him to "test [his] faith," Dkt. 1-1, at 4. But plaintiff does not provide specific details as to what he means by these allegations.

As for plaintiff's confinement and sentence, he has included correspondence that he had with the state court judge who sentenced him. In these letters, and throughout his complaint, plaintiff explains that he has not been allowed to receive treatment in the community, through a conditional release program. But other than the letters attached to his complaint, plaintiff does not explain the efforts that he has taken to secure conditional

release, why he believes that he is entitled to conditional release, or how defendants have unlawfully denied his requests for conditional release.[2]

Finally, a few allegations in the complaint mention that plaintiff went for 10 days without food while at a different institution. But this appears to have been plaintiff's choice: he was "on a mission to refuse food." Dkt. 1, at 2.

ANALYSIS

Under Rule 8(a), a plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff's complaint does not comply with Rule 8. He makes several factual allegations, but there is no overarching structure to these allegations that would allow defendants to understand what type of claim plaintiff is bringing against them. I must therefore dismiss plaintiff's complaint. But I will allow him an opportunity to amend it. If plaintiff chooses to amend, then he must provide fair notice to defendants of the claims that he is asserting. He should draft his complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What, specifically, did each defendant do to harm plaintiff? Which of plaintiff's constitutional rights did defendants violate?
- When and where did the events giving rise to plaintiff's claims occur?
- What relief does plaintiff seek from this court?

---

[2] In a separate case, plaintiff has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See Hein v. Wisconsin*, No. 15-cv-261 (W.D. Wis. filed May 4, 2015).

Plaintiff must set forth his allegations in separate, numbered paragraphs, using short and plain statements. He should present his entire complaint in one document.

Another foundational problem is that it is doubtful that plaintiff can proceed against any of the defendants named in his complaint. Plaintiff cannot sue the state of Wisconsin under § 1983 because the state is not a "person" for purposes of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). And the individual defendants—i.e., the judges and the clerks of court—likely enjoy immunity "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). This means that plaintiff cannot proceed against defendants Judge English and Judge Froelick with any claim arising out of the judges' official decisions or actions. Plaintiff also probably cannot proceed against defendants Fond du Lac County Clerk of Court and Outagamie Clerk of Court because judicial immunity extends to non-judges who perform "functions that are more administrative in character [and that] have been undertaken pursuant to the explicit direction of a judicial officer." *Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004) (internal citations and quotation marks omitted).

I cannot definitively conclude that any defendant enjoys absolute immunity because I am unable to discern the exact nature of plaintiff's claims in this case. Thus, I will not dismiss any defendants at this point. But if plaintiff chooses to amend his complaint, then he must allege facts demonstrating that the judges and the clerks of court are not protected by absolute immunity from suit.

ORDER

IT IS ORDERED that:

1. Plaintiff Shandy Hein is DENIED leave to proceed on his claims against defendants Fond du Lac County Clerk of Courts, Outagamie Clerk of Courts, State of Wisconsin, Honorable Judge English, and Honorable Judge Froelick.

2. The complaint, Dkt. 1 and Dkt. 1-1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until November 23, 2015, to file an amended complaint that provides a short and plain statement of a claim against defendants.

3. If plaintiff fails to timely amend his complaint, then the court will dismiss this action, with prejudice, for failure to state a claim upon which relief can be granted.

Entered November 2, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge